**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| SEATON INSURANCE COMPANY, f/k/a UNIGARD MUTUAL INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>ASSOCIATED INTERNATIONAL INSURANCE COMPANY,<br><br>Defendant. | CA 07 481 ML<br>Civil Action No.:<br><br>**COMPLAINT** |

## INTRODUCTION

This action is brought by Plaintiff Seaton Insurance Company, formerly known as Unigard Mutual Insurance Company ("Seaton"), against Defendant Associated International Insurance Company ("AIIC") to obtain sums that are owed by AIIC to Seaton under the terms of certain reinsurance contracts. Seaton also requests a declaration that AIIC is required to indemnify Seaton for additional amounts due under the reinsurance contracts as these amounts are paid by Seaton and presented to AIIC for reimbursement. As of this date, AIIC owes Seaton in excess of $300,000 for insured losses that Seaton has paid on behalf of its policyholders, Occidental Petroleum Corporation ("Occidental"), The Greyhound Corporation ("Greyhound") and Pfizer, Inc. ("Pfizer"). Despite requests by Seaton for payment, AIIC has failed to make the payments required by the reinsurance contracts. Accordingly, Seaton seeks a Judgment of the Court for all past due amounts and directing AIIC to promptly pay all future losses as they are presented.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) in that Seaton and AIIC are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00. The Court also has jurisdiction over this action pursuant to the provisions of 28 U.S.C. §2201 (Declaratory Judgments).

2. The Court has personal jurisdiction over AIIC because AIIC transacts business in Rhode Island.

3. Venue lies in this Court pursuant to 28 U.S.C. §1391(a)(2), including insofar as Castlewood (US), Inc., n/k/a Enstar (US), Inc., located in Warwick, Rhode Island, has been retained to act for and on behalf of Seaton as run-off manager and certain of the events giving rise to the claim occurred in Rhode Island.

## PARTIES

4. Plaintiff Seaton Insurance Company ("Seaton") is an insurance company domiciled and licensed to conduct business in the State of Rhode Island. Seaton was formerly known as Unigard Mutual Insurance Company ("Unigard") and has succeeded to all of the rights and obligations of Unigard, including with respect to the reinsurance contracts that are the subject of this action.

5. Defendant Associated International Insurance Company ("AIIC") is an insurance and reinsurance company organized under the law of the State of California with its principal place of business in Illinois. AIIC does business in Rhode Island and is recognized by the Rhode Island Division of Insurance as an approved surplus lines insurer and accredited reinsurer.

## FACTS

## THE UNIGARD POLICIES AND THE UNDERLYING CLAIMS

### The Occidental Policy and Claims

6. Unigard insured Occidental under an Excess Personal Injury and Property Damage Liability Policy (No. 1-0607) that was issued for the policy period from March 1, 1973 to March 1, 1976 (the "Occidental Policy"). Subject to all of the terms, conditions and exclusions contained in the Occidental Policy, Unigard agreed to provide excess liability coverage to Occidental in the amount of $2.5 million each occurrence and in the aggregate as part of a layer of $4 million, excess of $1 million of underlying insurance.

7. Occidental is a major corporation engaged in a variety of manufacturing and other operations. Occidental has been sued by individuals who claim to have suffered bodily injury as the result of exposure to toxic chemicals and other substances for which Occidental is alleged to be liable (the "Occidental Toxic Tort Claims").

8. Occidental has presented the Occidental Toxic Tort Claims to Seaton (as the successor to Unigard) and its other insurers. Seaton has participated in the funding of the defense, settlement or other resolution of the Occidental Toxic Tort Claims.

### The Greyhound Policy and Claims

9. Unigard insured The Greyhound Corporation ("Greyhound") under an Excess Umbrella Liability Policy (No. 1-2467) that was issued for the policy period from June 15, 1974 to June 15, 1977 (the "Greyhound Policy"). Subject to all of the terms, conditions and exclusions contained in the Greyhound Policy, Unigard agreed to provide excess liability coverage to Greyhound in the amount of $5 million each occurrence and in the aggregate excess of underlying insurance.

10. Greyhound is a major transportation corporation. Greyhound has been sued by individuals who claim to have suffered bodily injury as the result of exposure to products containing asbestos for which Greyhound is alleged to be liable (the "Greyhound Asbestos Claims").

11. Greyhound has presented the Greyhound Asbestos Claims to Seaton (as the successor to Unigard) and its other insurers. Seaton has participated in the funding of the defense, settlement or other resolution of the Greyhound Asbestos Claims.

**The Pfizer Policy and Claims**

12. Unigard insured Pfizer, Inc. ("Pfizer") under an Excess Umbrella Liability Policy (No. 1-0259) that was issued for the policy period from October 1, 1972 to October 1, 1975 (the "Pfizer Policy"). Subject to all of the terms, conditions and exclusions contained in the Pfizer Policy, Unigard agreed to provide excess liability coverage to Pfizer in the amount of $10 million each occurrence and in the aggregate excess of $10 million of underlying insurance.

13. Pfizer is a major corporation engaged in a variety of pharmaceutical manufacturing and other operations. Pfizer has been sued by individuals who claim to have suffered bodily injury as the result of exposure to products containing asbestos for which Pfizer is alleged to be liable (the "Pfizer Asbestos Claims").

14. Pfizer has presented the Pfizer Asbestos Claims to Seaton (as the successor to Unigard) and its other insurers. Seaton has participated in the funding of the defense, settlement or other resolution of the Pfizer Asbestos Claims.

15. As of the date of this Complaint, Seaton has paid more than $300,000 on behalf of Occidental, Greyhound and Pfizer, or to reimburse Occidental, Greyhound and Pfizer, for defense, settlement and other costs presented by Occidental, Greyhound and Pfizer with respect

to the Occidental Toxic Tort Claims, the Greyhound Asbestos Claims and the Pfizer Asbestos Claims.

**THE REINSURANCE CONTRACTS**

16. At or about the time that the Occidental Policy, the Greyhound Policy and the Pfizer Policy went into effect, Unigard contracted for facultative reinsurance with AIIC which required AIIC to reimburse Unigard for certain losses that Unigard could be liable to pay under the Occidental Policy, the Greyhound Policy and the Pfizer Policy.

17. Reinsurance is a means by which insurance companies insure themselves against risks that they may be obliged to pay to their policyholders under insurance policies. Under settled principles of insurance law, a reinsurance contract is considered an honorable engagement and a reinsurer owes a duty of utmost good faith to its ceding insurer.

18. AIIC issued the following facultative reinsurance contracts reinsuring the Occidental Policy, the Greyhound Policy and the Pfizer Policy:

a. Pursuant to Certificate Number AIL 9000054, AIIC agreed to reinsure Unigard for the account of Occidental up to a limit of $250,000 part of $2.5 million part of $4 million excess of $1 million. [A true copy of Certificate Number AIL 900054 is attached hereto as Exhibit A].

b. Pursuant to Certificate Number AIL 900282, AIIC agreed to reinsure Unigard for the account of Greyhound up to a limit of $3 million excess $1 million excess underlying and also agreed to reinsure Unigard for $300,000 excess $1 million excess underlying. [A true copy of Certificate Number AIL 900282 is attached hereto as Exhibit B].

c. Pursuant to Certificate Number AIL 900012, AIIC agreed to reinsure Unigard for the account of Pfizer up to a limit of $100,000 part of $10 million excess of $10 million. [A true

copy of Certificate Number AIL 900012 is attached hereto as Exhibit C].(The Certificates referred to in paragraphs (a)-(c) above and attached as Exhibits A, B and C hereto shall be collectively referred to as the "Reinsurance Contracts")].

19. Unigard paid all premiums due and owing to AIIC for the reinsurance provided by the Reinsurance Contracts.

20. Seaton (as the successor to Unigard) has ceded more than $300,000 in losses relating to the Occidental Toxic Tort Claims, the Greyhound Asbestos Claims and the Pfizer Asbestos Claims to AIIC under the terms and conditions of the Reinsurance Contracts, requesting reimbursement for losses paid by Seaton pursuant to the Occidental Policy, the Greyhound Policy and the Pfizer Policy.

21. AIIC has failed to make timely payment of the amounts that are owed to Seaton under the terms of the Reinsurance Contracts.

22. To the extent that the limits of the Occidental Policy, the Greyhound Policy and the Pfizer Policy are not yet exhausted, Seaton has and will continue to make payments to, or on behalf of, Occidental, Greyhound and Pfizer in connection with the Occidental Toxic Tort Claims, the Greyhound Asbestos Claims and the Pfizer Asbestos Claims.

23. Seaton has and will continue to cede such additional payments to AIIC for reimbursement pursuant to the terms of the Reinsurance Contracts. In light of AIIC's failure to perform its obligations under the terms of the Reinsurance Contracts, a declaration of the parties' respective rights and future obligations is required.

**COUNT I– BREACH OF CONTRACT**

24. Seaton repeats and incorporates by reference the allegations contained in ¶¶1-23 above as though fully set forth here.

25. AIIC has breached the terms of the Reinsurance Contracts by failing to reimburse Seaton for payments relating to the Underlying Claims made on behalf of Occidental, Greyhound and Pfizer and properly ceded to AIIC.

26. Seaton is entitled to Judgment against AIIC for all such payments, together with interest, costs and attorneys' fees in connection with bringing this action pursuant to R.I. Gen. Laws §9-1-45.

## COUNT II--DECLARATORY JUDGMENT

27. Seaton repeats and incorporates by reference the allegations contained in ¶1-26 above as though fully set forth here.

28. Seaton is entitled to a declaration of the respective rights and obligations of the parties under the terms of the Reinsurance Contracts with respect to the Occidental Toxic Tort Claims, the Greyhound Asbestos Claims and the Pfizer Asbestos Claims.

29. Specifically, Seaton is entitled to a declaration that all future payments made by Seaton under the Occidental Policy, the Greyhound Policy and/or the Pfizer Policy relating to the Underlying Claims and ceded to AIIC pursuant to the terms of the Reinsurance Contracts must be reimbursed by AIIC within a commercially reasonable time.

**WHEREFORE**, Seaton respectfully requests that the Court enter Judgment in its favor as follows:

1. For all sums ceded to AIIC pursuant to the Reinsurance Contracts, together with interest thereon.

2. Declaring that AIIC is required to reimburse Seaton for all additional losses paid by it with respect to the Underlying Claims that are ceded to AIIC under the terms of the Reinsurance Contracts.

3. Awarding Seaton its reasonable costs and attorneys' fees for being required to bring this action to compel AIIC to honor its contractual obligations pursuant to R.I. Gen. Laws §9-1-45.

4. For such other and further relief as the Court may deem just and proper.

**JURY CLAIM**

Plaintiff Seaton demands a trial by jury on all issues so triable

**SEATON INSURANCE COMPANY f/k/a**
**UNIGARD MUTUAL INSURANCE COMPANY,**

By its attorneys,

Paul V. Sullivan, RI Bar # 5712
**MORRISON MAHONEY LLP**
10 Weybosset Street, Suite 900
Providence, RI 02903-7141
Ph: (401) 331-4660
Fx: (401) 351-4420
e-mail: pvsullivan@morrisonmahoney.com

John T. Harding (counsel, pro hac vice to be filed)
**MORRISON MAHONEY LLP**
250 Summer Street
Boston, MA 02210
Ph: (617) 439-7558
Fx: (617) 342-4888

Dated: December 27, 2007