# EXHIBIT C

CERTIFICATE OF CASUALTY FACULTATIVE REINSURANCE ISSUED BY

**ASSOCIATED INTERNATIONAL INSURANCE COMPANY**

3670 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90010

CERTIFICATE NUMBER
AIL 900012

## DECLARATIONS

CEDING COMPANY AND ADDRESS (herein called the Company)

UNIGARD MUTUAL INSURANCE COMPANY
450 SANSOME STREET SUITE 1000
SAN FRANCISCO, CALIFORNIA 94111

ATTENTION

NAME OF INSURED: PFIZER, INC.
RENEWAL OF CERTIFICATE NO.: NEW

CITY: 235 EAST 42ND STREET NEW YORK, NEW YORK
STATE
REPLACES CERTIFICATE NO.: -

COMPANY POLICY NO.: 1-0259
COMPANY POLICY PERIOD: 10-1-72 TO 10-1-75
REINSURERS CERTIFICATE PERIOD: 10-1-72 TO 10-1-75

| | |
|---|---|
| ITEM 1 TYPE OF INSURANCE | EXCESS UMBRELLA LIABILITY |
| ITEM 2 POLICY LIMITS AND APPLICATION | $ 10,000,000.00 EXCESS OF $10,000,000.00 |
| ITEM 3 COMPANY RETENTION | $ 1,000,000.00 |
| ITEM 4 REINSURANCE ACCEPTED | $100,000.00 PART OF $10,000,000.00 EXCESS OF $10,000,000.00 |
| ITEM 5 BASIS OF ACCEPTANCE | ☐ EXCESS OF LOSS ☒ CONTRIBUTING EXCESS ☐ NON-CONCURRENT |

THE REINSURERS ANNUAL GROSS PREMIUM FOR THIS CERTIFICATE SHALL BE $ 1,450.00 ☒ FIXED CHARGE ☐ DEPOSIT PREMIUM

THIS PREMIUM SHALL BE ADJUSTED ANNUALLY AT:

XXXX BASE | ESTIMATED EXPOSURE | REINSURERS ESTIMATED ANNUAL PREMIUM $

INSTALLMENTS DUE:
10-1-73 $ 1,450.00
10-1-74 1,450.00

MINIMUM PREMIUM FOR REINSURANCE PERIOD $ - MINIMUM PREMIUM FOR CERTIFICATE $ -

COUNTERSIGNED AT LOS ANGELES, CALIFORNIA THIS 13 TH DAY OF NOVEMBER 19 72

ALLEN, MILLER AND ASSOCIATES, INC.
450 SANSOME STREET SUITE 1000
SAN FRANCISCO, CALIFORNIA 94111

HCW/alb

ASSOCIATED INTERNATIONAL INSURANCE COMPANY

by: [signature]
*Authorized Signature*
TRANSPORT UNDERWRITERS ASSOCIATION
UNDERWRITING MANAGERS

**PLEASE GIVE SPECIAL NOTICE OF THIS FACULTATIVE REINSURANCE TO YOUR CLAIM DEPARTMENT**

AI-0003
7-72

**ASSOCIATED INTERNATIONAL INSURANCE COMPANY**
3670 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90010

(herein called the Reinsurer)

## REINSURING AGREEMENTS AND CONDITIONS

In consideration of the payment of the premium, and subject to the terms, conditions and limits of liability set forth herein and in the Declarations made a part hereof, the Reinsurer does hereby reinsure the ceding company named in the Declarations (herein called the Company) in respect of the Company's policy(ies) as follows:

A. The Company warrants to retain for its own account, subject to treaty re-insurance if applicable, the amount of liability specified in Item 3 of the Declarations, unless otherwise declared to the Reinsurer. The liability of the Reinsurer, as specified in Item 4 of the Declarations, shall follow that of the Company and shall be subject in all respects to all the terms and conditions of the Company's policy except when otherwise specifically provided herein or designated as non-concurrent reinsurance in the Declarations. The Reinsurer's certificate period shall be as specified in the declarations at 12:01 AM as to both dates at the place specified in the Company's policy. The Company shall furnish the Reinsurer with a copy of its policy and all endorsements thereto and agrees to notify the Reinsurer promptly of all changes which in any manner affect this certificate of reinsurance. The Company shall make available for inspection, and place at the disposal of the Reinsurer at all reasonable times, all records of the Company relating to this certificate of reinsurance or claims in connection therewith.

B. In no event shall anyone other than the Company or, in the event of the Company's insolvency, its receiver, liquidator or statutory successor, have any rights under this agreement.

C. The Company shall notify the Reinsurer promptly of any occurrence which in the Company's estimate of the value of injuries or damages sought, without regard to liability, might result in judgment in an amount sufficient to involve this certificate of reinsurance. The Company shall also notify the Reinsurer promptly of any occurrence in respect of which the Company has created a loss reserve equal to or greater than fifty (50) percent of the Company's retention specified in Item 3 of the Declarations; or, if this reinsurance applies on a contributing excess basis, when notice of claim is received by the Company. While the Reinsurer does not undertake to investigate or defend claims or suits, it shall nevertheless have the right and shall be given the opportunity, with the full cooperation of the Company, to associate counsel at its own expense and to join with the Company and its representatives in the defense and control of any claim, suit or proceeding involving this certificate of reinsurance.

D. All loss settlements made by the Company, provided they are within the terms and conditions of the original policy(ies) and within the terms and conditions of this certificate of reinsurance, shall be binding on the Reinsurer. Upon receipt of a definitive statement of loss, the Reinsurer shall promptly pay its proportion of such loss as set forth in the Declarations. In addition thereto, the Reinsurer shall pay its proportion of expenses (other than office expenses and payments to any salaried employee) incurred by the Company in the investigation and settlement of claims or suits and its proportion of court costs and interest on any judgement or award, in the ratio that the Reinsurer's loss payment bears to the Company's gross loss payment. If there is no loss payment, the Reinsurer shall pay its proportion of such expenses only in respect of business accepted on a contributing excess basis and then only in the percentage stated in Item 4 of the declarations in the first layer of participation.

E. Definitions

As used in this Certificate the following terms shall have the meaning set opposite each.

Excess of Loss — The limit(s) of liability of the Reinsurer, as stated in Item 4 of the Declarations, applies(y) only to that portion of loss settlement(s), in excess of the applicable retention of the Company as stated in Item 3 of the Declarations.

Contributing Excess — The Company's policy applies in excess of other valid insurance, reinsurance or a self-insured retention and the limit of liability of the Reinsurer applies proportionally to all loss settlements in the percentage(s) set forth in Item 4 of the Declarations.

Non-Concurrent — The reinsurance provided does not apply to any hazards or risks of loss or damage covered under the Company's policy other than those specifically set forth in the Declarations. The retention of the Company and liability of the Reinsurer shall be determined as though the Company's policy applied only to the hazards or risks of loss or damage specifically described in the Declarations.

F. The Reinsurer will be paid or credited by the Company with its proportion of salvage, that is, reimbursement obtained or recovery made by the Company, less all expenses paid by the Company in making such recovery. If the reinsurance afforded by this Certificate is on the excess of loss basis, salvage shall be applied in the inverse order in which liability attaches.

G. The Company will be liable for all taxes on premiums ceded to the Reinsurer under this certificate of reinsurance.

H. In the event of the insolvency of the Company, the reinsurance provided by this certificate shall be payable by the Reinsurer on the basis of the liability of the Company under the policy(ies) reinsured, without diminution because of such insolvency, directly to the Company or its receiver, liquidator, or statutory successor. The Reinsurer shall be given written notice of the pendency of each claim against the Company on the policy(ies) reinsured hereunder within a reasonable time after such claim is filed in the insolvency proceedings. The Reinsurer shall have the right to investigate each such claim and interpose, at its own expense, in the proceeding where such claim is to be adjudicated, any defenses which it may deem available to the Company or its receiver, liquidator or statutory successor. The expense thus incurred by the Reinsurer shall be chargeable, subject to court approval, against the insolvent Company as part of the expense of liquidation to the extent of a proportionate share of the benefit which may accrue to the Company solely as the result of the defense undertaken by the Reinsurer.

I. The Reinsurer may offset any balance(s), whether on account of premiums, commissions, claims, losses, adjustment expense, salvage or any other amount(s) due from one party to the other under this certificate of reinsurance or under any other agreement heretofore or hereafter entered into between the Company and the Reinsurer, whether acting as assuming reinsurer or as ceding company.

J. Should the Company's policy be cancelled, this certificate shall terminate automatically at the same time and date. This certificate may also be cancelled by the company or by the reinsurer upon not less than thirty days prior written notice, one to the other, stating when thereafter the reinsurance afforded hereby shall terminate. Proof of mailing shall be deemed proof of notice and calculation of the earned premium shall follow the company's calculation in the use of short rate or pro rata tables.

K. The terms of this certificate of reinsurance shall not be waived or changed except by endorsement issued to form a part hereof, executed by a duly authorized representative of the Reinsurer.

In Witness Whereof, ASSOCIATED INTERNATIONAL INSURANCE COMPANY has caused this certificate of reinsurance to be signed by its Vice President and Secretary, but the same shall not be binding upon the Reinsurer unless countersigned by an authorized representative of the Reinsurer.

[signature] Secretary

John M. Layza [signature] Vice President

# Associa...d International Insurance Co ...pany
# Transport Indemnity Company

| END. NO. | POLICY NUMBER | INSURED | END. EFFECTIVE DATE |
|---|---|---|---|
| 3 | AIL 900012 | PFIZER, INC. | 10-01-74 (12:01 A.M.) |

- [X] ADDITIONAL PREMIUM $ 1,325.00
- [ ] RETURN PREMIUM $
- [ ] NIL

TOTAL $ ~~1,325.00~~

IT IS UNDERSTOOD AND AGREED THAT:

- [ ] 1. PREMIUM
- [ ] 2. DEPOSIT PREMIUM
- [ ] 3. MINIMUM PREMIUM
- [ ] 4. RATE
- [X] 5. INSTALLMENT
- [ ] 6. AUDIT
- [ ] 7. COVERAGE
- [ ] 8. INCEPTION DATE
- [ ] 9. EXPIRATION DATE
- [ ] 10. TERM
- [ ] 11. NAME OF ASSURED
- [ ] 12. ADDRESS OF ASSURED
- [ ] 13. COVERAGE IS CANCELLED
  - [ ] SHORT RATE
  - [ ] PRO RATE
- [ ] 14. ADDITIONAL INSURED BUT ONLY AS RESPECTS THE OPERATIONS OF THE NAMED INSURED
- [X] IS CHARGED FOR THE PERIOD:
- [ ] IS AMENDED TO READ AS FOLLOWS:

5. OCTOBER 1, 1974 TO OCTOBER 1, 1975

6 K

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

BROKER/AGENT: ALLEN, MILLER AND ASSOCIATES, INC.

DATE OF ISSUE 9-27-74 RLB:sl

- [X] Associated International Insurance Co.
- [ ] Transport Indemnity Company

BY [signature]

AI - 6066