UNITED STATES DISTICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SEATON INSURANCE COMPANY, f/k/a UNIGARD MUTUAL INSURANCE COMPANY Plaintiff | ) | |
| v. | ) | C.A. #07-481 |
| ASSOCIATED INTERNATIONAL INSURANCE COMPANY, Defendant. | ) | |

**ANSWER**

Defendant Associated International Insurance Company ("Associated"), by and through its counsel Tim Dodd, Esq., answers Plaintiff's Complaint as follows:

By way of initial response, Associated denies the truth of each and every allegation contained in the **INTRODUCTION** to the Complaint other than that it entered into various reinsurance agreements with Unigard Mutual Insurance Company ("Unigard"), the terms of which speak for themselves.

**JURISDICTION AND VENUE**

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the Complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Complaint.

**PARTIES**

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint.

5. Denies the truth of the allegations as set forth in paragraph "5" of the Complaint.

**FACTS**

**THE UNIGARD POLICIES AND THE UNDERLYING CLAIMS**

**The Occidental Policy and Claims**

6. In response to paragraph "6" of the Complaint, admits only that Unigard issued an Excess Personal Injury and Property Damage Liability policy to Occidental, the terms, conditions, period and limits of liability of which speak for themselves.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

**The Greyhound Policy and Claims**

9. In response to paragraph "9" of the Complaint, admits only that Unigard issued an Excess Umbrella Liability policy to The Greyhound Corporation, et al,, the terms, conditions, period and limitations of liability of which speak for themselves.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

**The Pfizer Policy and Claims**

12. In response to paragraph "12" of the Complaint, admits only that Unigard issued an Excess Umbrella Liability Policy to Pfizer, Inc., the terms, conditions, period and limitations of liability of which speak for themselves.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

**THE REINSURANCE CONTRACTS**

16. In response to paragraph "16" of the Complaint, admits only that Associated issued to Unigard facultative reinsurance policies with respect to the Occidental Policy, Greyhound Policy, and the Pfizer Policy, the terms of which speak for themselves.

17. Paragraph "17" of the Complaint contains no allegations against Associated, but rather purports to state a basic definition or conclusion as to the purpose of reinsurance, and accordingly, no response is necessary. Any implication that Associated owes any obligation to plaintiff is denied.

18. a. Admits only that Associated issued Certificate Number AIL 900054 to Unigard, the terms, conditions and limits of liability of which speak for themselves, and otherwise denies the truth of any allegation that Associated agreed to

reinsure Unigard with respect to any loss other than loss covered under the Unigard policy identified in the certificate.

b. Admits only that Associated issued Certificate Number AIL 900282 to Unigard, the terms, conditions and limits of liability of which speak for themselves, and otherwise denies the truth of any allegation that Associated agreed to reinsure Unigard with respect to any loss other than loss covered under the Unigard policy identified in the certificate.

c. Admits only that Associated issued Certificate Number AIL 900054 to Unigard, the terms, conditions and limits of liability of which speak for themselves, and otherwise denies the truth of any allegation that Associated agreed to reinsure Unigard with respect to any loss other than loss covered under the Unigard policy identified in the certificate.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

21. Denies that Associated is obligated to make any payment as alleged in paragraph "21" of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23. In response to paragraph "23" of the Complaint, denies that Associated has failed to perform its obligations under the terms of any reinsurance contract it issued

to Unigard, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph “23” of the Complaint.

**COUNT I – BREACH OF CONTRACT**

24. In response to paragraph “24” of the Complaint, Associated repeats, reiterates and realleges each and every response set forth in paragraphs “1” through “23” above as if fully set forth herein.

25. Denies the truth of the allegations set forth in paragraph “25” of the Complaint.

26. Denies the truth of the allegations set forth in paragraph “26” of the Complaint.

**COUNT II – DECLARATORY JUDGMENT**

27. In response to paragraph “27” of the Complaint, Associated repeats, reiterates and realleges each and every response set forth in paragraphs “1” through “26” above as if fully set forth herein.

28. Denies the truth of the allegations set forth in paragraph “28” of the Complaint.

29. Denies the truth of the allegations set forth in paragraph “29” of the Complaint.

**AFFIRMATIVE DEFENSES**

1. Plaintiff fails to state a claim upon which relief may be granted.

2. Any purported right of plaintiff to payment under the alleged reinsurance agreements is barred to the extent that plaintiff has failed to satisfy its requirement to present sufficient proof and documentation evidencing its right to such payments.

3. Any purported right of plaintiff to payment under the alleged reinsurance agreements is barred to the extent that plaintiff failed to satisfy certain condition precedents in the reinsurance agreements, including but not limited to:

a. the obligation to notify Associated of all changes to the underlying policies which in any manner affected the reinsurance agreements;

b. the obligation to make available all records of the company relating to the reinsurance agreements or the claims in connection therewith;

c. the obligation of the Company to promptly notify Associated of any occurrence which in the company's estimate of the value of the injuries or damages sought, without regard to liability could result in a judgment in an amount sufficient to involve Associated's exposure under the reinsurance agreements;

d. the obligation to notify Associated promptly of any occurrence in respect of which Associated has created a loss reserve equal to or greater than 50% of Associated's retention specified in the reinsurance agreements ;

e. the obligation to give Associated its full cooperation and the opportunity for Associated to associate with it in the defense and control of any of the claims alleged herein by plaintiff to be outstanding obligations of Associated.

4. Plaintiff's right to payment under the alleged reinsurance agreements is barred to the extent that any payments made by plaintiff were not in good faith.

5. Plaintiff's right to payment under the alleged reinsurance agreements is barred in whole or in part by the applicable statute of limitations.

6. Some or all of the loss settlements at issue in this action were not made within the terms and conditions of the original policies and/or the terms and conditions of the reinsurance agreements.

7. Plaintiff's right to payment under the alleged reinsurance agreements is barred in whole or in part by laches, waiver and/or estoppel.

Defendant, by its attorney,

/s/ Timothy J. Dodd

TIMOTHY J. DODD, ESQ., #3150
215 Broadway
Providence, RI 02903
Tel: (401) 272-3900
Fax: (401) 331-1440

**CERTIFICATION**

I hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the date of filing of this document.

/s/ Timothy J. Dodd