UNITED STATES DISTICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SEATON INSURANCE COMPANY, f/k/a UNIGARD MUTUAL INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>ASSOCIATED INTERNATIONAL INSURANCE COMPANY,<br><br>Defendant. | Case No. 07-481 ML |

**DEFENDANT'S RULE 16 STATEMENT**

Pursuant to Local Rule 16(c) and this Court's Notice dated March 24, 2008, defendant Associated International Insurance Company ("Associated") hereby submits its statement of the case. The instant matter involves unspecified amounts that Seaton Insurance Company ("Seaton") claims are due under three facultative reinsurance certificates issued by Associated to Seaton's predecessor, Unigard Mutual Insurance Company.

Associated has not asserted a counterclaim against plaintiff Seaton, and as the sole defendant, Associated has not asserted any cross-claims in connection with this matter. Accordingly, Seaton has the burden of proof in establishing that it is owed the alleged amounts at issue in this matter.[1] In this regard, it should be noted that on several occasions prior to commencement of the instant lawsuit, at least with respect to one of the certificates at issue (Occidental Petroleum), Associated requested from Seaton the kind of

[1] This allocation of the burden of proof is a basic concept in insurance and reinsurance law. Associated does not cite to any case law on this or any other issue in this statement, as it is not presently clear which state's law will govern this dispute.

information that Seaton will need to present to sustain its burden of proof, but Seaton failed to provide such information.

Associated has asserted various affirmative defenses in connection with its answer. In addition to asserting that Seaton has failed to state a claim upon which relief may be granted, Associated has asserted that Seaton's right to payment under the reinsurance certificates is barred to the extent that Seaton has failed to satisfy its right to payment. Associated acknowledges its duties as Seaton's reinsurer, but respectfully submits that it cannot make any payment under the certificates unless and until Seaton has submitted proof and documentation evidencing its right to such payments.

Associated also has asserted an affirmative defense on the basis that payment under the certificates is barred to the extent that Seaton failed to comply with any of the certificates' conditions, including: (a) failing to notify of any changes relating to the underlying policies; (b) failing to make its records available to Associated; (c) failing to promptly notify Associated of an occurrence that could result in a judgment that would present an exposure to the certificates; (d) failing to give prompt notice of an occurrence for which a loss reserve equal to or 50% of Associated's retention had been created; and (e) failure to give full cooperation to Associated and the opportunity for Associated to associate with Seaton in the defense of any of the underlying claims at issue. Associated also asserts an affirmative defense on the basis that Seaton failed to comply with any of the terms of the reinsurance agreements. Because Associated has been denied certain materials in the past that are relevant to these affirmative defenses, Associated expects that the viability of these defenses will be established as discovery proceeds.

Associated also has asserted affirmative defenses that payment is barred to the extent that Seaton failed to make payment in good faith, as well as application of the statute of limitations, laches, waiver or estoppel.

Dated: April 29, 2008

Defendant, by its attorney,

/s/ Timothy J. Dodd

TIMOTHY J. DODD, ESQ., #3150
215 Broadway
Providence, RI 02903
Tel: (401) 272-3900
Fax: (401) 331-1440

**CERTIFICATION**

I hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the date of filing of this document.

/s/ Timothy J. Dodd