**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

SEATON INSURANCE COMPANY, f/k/a UNIGARD MUTUAL INSURANCE COMPANY
Plaintiff,

v.

ASSOCIATED INTERNATIONAL INSURANCE COMPANY,
Defendant.

Civil Action No.: 07-00481-S-LDA

**PLAINTIFF SEATON INSURANCE COMPANY'S**
**STATEMENT OF CLAIM**

Pursuant to LR Cv 16, Plaintiff Seaton Insurance Company f/k/a Unigard Mutual Insurance Company ("Seaton") provides the Court with the following summary of its claim in this action.

This is a straight-forward claim for breach of contract brought by Seaton against Defendant Associated International Insurance Company ("AIIC") to obtain the more than $500,000 that is owed to Seaton by AIIC under the terms of certain reinsurance contracts. Seaton (which at the time was known as Unigard Mutual) insured the Occidental Petroleum Corporation ("Occidental"), The Greyhound Corporation ("Greyhound") and Pfizer, Inc. ("Pfizer") pursuant to certain excess liability policies that were in effect at various times. Seaton contracted with AIIC for AIIC to provide facultative reinsurance that would reimburse Seaton for losses that Seaton could be liable to pay under the excess liability policies that it issued to Occidental, Greyhound and Pfizer.[1]

[1] A copy of each of the facultative reinsurance certificates issued to Seaton by AIIC is attached to the Complaint.

Collectively, Occidental, Greyhound and Pfizer have been sued by thousands of individuals who claim to have suffered bodily injury as a result of their exposure to products containing asbestos or other toxic substances. These claims have been submitted by Occidental, Greyhound and Pfizer to Seaton and Seaton has paid more than $500,000 in the defense, settlement or other resolution of these claims. Seaton, in turn, has submitted these claims to its reinsurer, AIIC, for reimbursement pursuant to the terms of the facultative reinsurance certificates. Although these claims are clearly within the scope of the facultative reinsurance provided by AIIC, not a single dollar has been paid to AIIC, nor has AIIC offered a reason for its failure to pay the claims other than the assertion of boiler plate defenses in its Answer.

These facts establish a breach of contract by AIIC. As summarized in *Insurance Co. of North America v. Kayser-Roth Corp.,* 770 A.2d 403 (R.I. 2001):

> 'The insured seeking to establish coverage bears the burden of proving a prima facie case, including but not limited to the existence and validity of a policy, the loss as within the policy coverage, and the insurer's refusal to make payments as required by the terms of the policy.' Once the insured makes a prima facie showing of coverage, 'the insurer then bears the burden of proving the applicability of policy exclusions and limitations in order to avoid an adverse judgment.'

770 A.2d at 416-417, *quoting General Accident Insurance Co. of America v. American National Fireproofing, Inc.,* 716 A.2d 751, 757 (R.I. 1998). *See e.g., Zarrella v. Minnesota Mutual Life Ins. Co.,* 824 A.2d 1249, 1259 (R.I. 2003)(terms of insurance contract are to be given their plain and ordinary meaning). Moreover, courts have generally recognized that reinsurance contracts are "honorable engagements" and that reinsurance relationships are governed by the principle of "utmost good faith." This principle "requires a reinsurer to indemnify its cedent for losses that are even arguably within the scope of coverage reinsured, and not refuse to pay merely because there may be another reasonable interpretation of the parties' obligations under which the



1122673v1

reinsurer could avoid payment." *Commercial Union Ins. Co. v. Seven Provinces Ins. Co., Ltd.*, 217 F.3d 33, 43 (1st Cir. 2000)(affirming judgment for violation of G.L. c.93A prohibiting unfair and deceptive acts or practices based upon reinsurer's unreasonable delay in making payment of reinsured losses).

Based upon the clear terms of the reinsurance certificates issued by AIIC and the legal principles cited above, Seaton is entitled to judgment in its favor. Seaton seeks the more than $500,000 that has been submitted to AIIC for payment under the terms of the facultative reinsurance certificates, together with statutory interest and recovery of its attorneys' fees.

**SEATON INSURANCE COMPANY, f/k/a**
**UNIGARD MUTUAL INSURANCE COMPANY**
By its attorneys,

*/s/ John T. Harding*

John T. Harding, *pro hac vice*
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210-1181
(617) 439-7500

Thomas M. Robinson, RI Bar # 6193
MORRISON MAHONEY LLP
10 Weybosset Street, Suite 900
Providence, RI 02903-7141
(401) 331-4660

Dated: May 2, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the Electronic Case Filing (ECF) system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 2, 2008.

*/s/ John T. Harding*

John T. Harding